[No. A027875. First Dist., Div. One. May 15, 1986.]

GEORGE BRACKET et al., Plaintiffs and Respondents, v.
THE STATE OF CALIFORNIA, Defendant and Appellant.

1172

## COUNSEL

Robert F. Carlson, Joseph A. Montoya, Robert J. DeFea, Kenneth G. Nellis and Robert E. Brown for Defendant and Appellant.

James C. Hyde and Popelka, Allard, McCowan, Jones & Howard for Plaintiffs and Respondents.

## OPINION

NEWSOM, J.—The instant appeal is from judgment in an action for comparative equitable indemnity. The factual background may be summarized as follows.

Larry Edward Spencer sustained serious injuries when a motor vehicle which he was driving on State Route 17 in Santa Clara County collided headon with a truck driven by James Gardner. The accident was precipitated by an unsafe lane change made by respondent George Bracket, who at the time was driving a vehicle owned by respondent House of Lamps, which caused Gardner to swerve his truck across the center line of the highway and collide with Spencer's oncoming car.

Spencer filed suit for his personal injuries against Gardner and respondents. Gardner settled with Spencer before trial for the full amount of his insurance coverage, $350,000. The action then proceeded to trial, and the jury awarded Spencer $2.5 million. Respondents satisfied the remainder of the judgment by paying Spencer $2.15 million. Appellant was not a party to Spencer's action for personal injuries.

Respondents subsequently commenced an action against the State of California (hereafter the state or appellant) for comparative equitable indemnity, alleging that Spencer's injuries were primarily caused by the state's failure to provide a median barrier separating the northbound and southbound directions of traffic on State Route 17. The issues of liability and damages were severed for trial. The jury found that the state's failure to remedy the

dangerous condition of State Route 17 was a cause of Spencer's injuries, and apportioned the comparative responsibility of the parties as follows: 85 percent to respondents; 10 percent to appellant; and 5 percent to Gardner. Thereafter, the trial court entered judgment for respondents against the state for $226,315.66, computed according to the following formula: "$2,500,000 less $350,000 credit times $\frac{10}{95}$." In so doing, the trial court essentially determined that, after subtracting the full amount of Gardner's contribution to the judgment, respondents and appellants should share in the judgment in proportion to their fault as found by the jury.

Appellant does not challenge the allocation of fault made by the jury, but objects to the trial court's apportionment and award of damages. In appellant's view the trial court erred in crediting respondents with the payment made by James Gardner before apportioning damages in accordance with the relative fault of the parties as determined by the jury. According to appellant, the proper measure of damages to respondents in this indemnity action was $25,000: an amount representing the contribution made by respondents "in excess of their proportionate share of the $2,500,000 judgment recovered by Larry Edward Spencer." Appellant submits that such an award fairly compensates respondents for their loss, and asks us to modify the judgment accordingly.

■ The issue may be stated as follows: where a joint tortfeasor settles with the plaintiff before trial for an amount later determined to be an overpayment, as did Gardner, should the remainder of the plaintiff's judgment, after deduction of the overpayment, be allocated among the nonsettling joint tortfeasors in accordance with their proportionate share of fault; or, instead, is it proper to limit a nonsettling joint tortfeasor's recovery in an indemnity action to that amount paid the plaintiff by the party seeking indemnity which exceeds its comparative share of fault, without first deducting the overpayment from the total judgment for respondent? In the case before us, the difference in the two measures of damages is $201,315.66—that is, the difference between $226,315.66, which sum was arrived at by subtracting Gardner's contribution to the judgment ($350,000) then multiplying the remainder, $2.15 million, by appellant's comparative fault, $\frac{10}{95}$ths, and $25,000, which represents the sum due respondents' were we merely to award indemnification for the amount they paid Spencer in excess of their *total* proportionate share of the liability.

Our high court's decision in *American Motorcycle Assn.* v. *Superior Court* (1978) 20 Cal.3d 578 [146 Cal.Rptr. 182, 578 P.2d 899], serves as the foundation for our inquiry. In *American Motorcycle,* the court declared that the "equitable indemnity rule should be modified to permit a concurrent tortfeasor to obtain partial indemnity from other concurrent tortfeasors on

a comparative fault basis." (*Id.*, at p. 598; see also *People* ex rel. *Dept. of Transportation* v. *Superior Court* (1980) 26 Cal.3d 744, 756 [163 Cal.Rptr. 585, 608 P.2d 673]; *Easton* v. *Strassburger* (1984) 152 Cal.App.3d 90, 111 [199 Cal.Rptr. 383, 46 A.L.R.4th 521].) "This change in the law was a response to California's adoption in 1975 of the system of comparative fault where 'liability for damage [would] be borne by those whose negligence caused it in direct proportion to their respective fault.' (*Li* v. *Yellow Cab Co.* (1975) 13 Cal.3d 804, 813 . . ., fn. omitted.)" (*Angelus Associates Corp.* v. *Neonex Leisure Products, Inc.* (1985) 167 Cal.App.3d 532, 536 [213 Cal.Rptr. 403].) Thus, *American Motorcycle Assn.* calls for "apportionment of loss between the wrongdoers in proportion to their relative culpability" (*id.*, at p. 595), so as to "permit the equitable *sharing* of loss between multiple tortfeasors" (*id.*, at p. 597) rather than the imposition of the loss upon one or the other tortfeasor. (See also *People* ex rel. *Dept of Transportation* v. *Superior Court, supra,* 26 Cal.3d at p. 744.)

The very cornerstone of the equitable indemnity doctrine outlined in *American Motorcycle* is a fair distribution of loss among joint tortfeasors in proportion to fault. Such is the general nature of indemnity, which seeks as a matter of fairness to have one party "'make good a loss or damage another [party] has incurred.'" (*Valley Circle Estates* v. *VTN Consolidated, Inc.* (1983) 33 Cal.3d 604, 614 [189 Cal.Rptr. 871, 659 P.2d 1160].) Thus, in determining the effect of an overpayment by a settling joint tortfeasor upon the competing rights of the remaining joint tortfeasors to indemnification, we seek to further the goal of equitable indemnity in order to effectuate a fair apportionment of loss according to relative culpability. (*American Motorcycle Assn., supra,* 20 Cal.3d at p. 595.)

The formula proposed by the state, however, fails to comport with the *American Motorcycle* apportionment of loss standard. Were we to limit respondents' recovery in the instant indemnity action to the amount they paid to Spencer which was in excess of their subsequently determined comparative fault, i.e., $25,000, appellant would receive the entire benefit of Gardner's overpayment while ultimately contributing a much smaller percentage—1 percent, in fact—than the 10 percent relative culpability found attributable to them by the jury. In contrast, respondents would not share in the overpayment, but would continue to be liable for a full 85 percent share of the loss despite the "windfall" created by Gardner's excessively generous contribution to plaintiff's judgment. The inequity of such an apportionment is palpable.

Several recent cases have confronted the problem of apportionment of damages where one of several joint tortfeasors is judgment proof as a result of insolvency or settlement with a plaintiff for less than the subsequently

decreed comparative responsibility of that party.[1] (*Ambriz* v. *Kress* (1983) 148 Cal.App.3d 963 [196 Cal.Rptr. 417]; *Lyly & Sons Trucking Co.* v. *State of California* (1983) 147 Cal.App.3d 353 [195 Cal.Rptr. 116]; *Paradise Valley Hospital* v. *Schlossman* (1983) 143 Cal.App.3d 87 [191 Cal.Rptr. 531].) In each of such cases there has been an underpayment, or shortfall, and the remaining joint tortfeasors in an indemnity action have sought to avoid liability for the additional loss caused thereby.

The rule which has emerged is that solvent tortfeasors in an indemnity action must share in direct proportion to their respective degree of fault the liability of their judgment-proof coactors, with the apportionment made as though the judgment-proof tortfeasors had not been involved in the accident. (*Sagadin* v. *Ripper* (1985) 175 Cal.App.3d 1141, 1174 [221 Cal.Rptr. 675]; *Ambriz* v. *Kress, supra,* 148 Cal.App.3d 963, 969; *Lyly & Sons Trucking Co.* v. *State of California, supra,* 147 Cal.App.3d 353, 355.) "[T]he sharing must be proportional to the remaining tortfeasors' degree of comparative fault." (*Sagadin* v. *Ripper, supra,* 175 Cal.App.3d 1141, 1174. In *Ambriz, supra,* at pages 968-969, the court explained its conclusion, quoting *Paradise Valley, supra,* at page 93, as follows: "In *American Motorcycle,* joint and several liability principles are conjoined with the concept of liability governed by proportionate fault to which is added the right of equitable contribution. These premises, so constellated, give form and outline for the next logical extension and application of these rules. An insolvent defendant's shortfall should be shared proportionally by the solvent defendants as though the insolvent or absent person had originally not participated." In *Paradise Valley, supra,* at pages 91-92, the court also observed that as the plaintiff receives reimbursement for his injuries from joint tortfeasors, the rights and liabilities of the parties must continually be adjusted in accordance with the concept of proportionate fault.

Appellant's proffered readjustment of liability neither accounts for the comparative fault of the parties nor results in an equitable sharing of the overpayment in proportion to the relative culpability of the parties. It disregards the comparative equitable indemnity principles of *American Motorcycle,* arbitrarily placing the burden of additional liability upon the party picked by plaintiff to be the named defendant. As noted in *Lyly & Sons Trucking Co.* v. *State of California, supra,* 147 Cal.App.3d 353, 358: "Caprice is not often justice."

---

[1] A tortfeasor who enters into a good faith settlement with plaintiff, such as Gardner, is discharged from any claim of partial or comparative indemnity that may be pressed by a concurrent tortfeasor. (Code Civ. Proc., § 877.6, subd. (c); *American Motorcycle Assn., supra,* 20 Cal.3d at p. 604; *Sagadin* v. *Ripper* (1985) 175 Cal.App.3d 1141, 1173 [221 Cal.Rptr. 675]; *Shane* v. *Superior Court* (1984) 160 Cal.App.3d 1237, 1244 [207 Cal.Rptr. 210].

We find the method of calculating damages employed by the trial court to be both equitable and faithful to the purpose of indemnity actions "to allow an equitable balancing of the books among those liable for the injury." (*Lyly & Sons Trucking Co.* v. *State of California, supra,* 147 Cal.App.3d 353, 357.) By crediting both appellants and respondents with the overpayment, then apportioning the remainder of the judgment according to the comparative fault of the parties as found by the jury, the trial court followed the directive of *American Motorcycle* to achieve wherever possible an equitable sharing of the loss among joint tortfeasors on a comparative fault basis (see *Rodgers* v. *Workers' Comp. Appeals Bd.* (1984) 36 Cal.3d 330, 335 [204 Cal.Rptr. 403, 682 P.2d 1068]; *Arbaugh* v. *Proctor & Gamble Mfg. Co.* (1978) 80 Cal.App.3d 500, 508 [145 Cal.Rptr. 608]): an adjustment has been made following the overpayment by Gardner so that the remaining joint tortfeasors share the loss in direct proportion to their respective degree of fault.[2] (*Paradise Valley Hospital* v. *Schlossman, supra,* 143 Cal.App.3d 87, 92.)

■ Finally, the state submits that by awarding respondents more than their actual loss the trial court violated section 875, subdivision (c) of the Code of Civil Procedure, which provides that the right of contribution of a joint tortfeasor who has discharged the joint judgment is limited "to the excess so paid over the pro rata share of the person so paying . . . ."[3] But, in *American Motorcycle,* the court explained that section 875 and its companion statutes do not preclude partial indemnity from a concurrent tortfeasor on a comparative fault basis. (20 Cal.3d at pp. 599-604; see also *Angelus Associates Corp.* v. *Neonex Leisure Products, Inc., supra,* 167 Cal.App.3d 532, 536.) Neither, then, does this legislation interdict the extension of this sound doctrine to direct the apportionment of loss in the event of an overpayment by a joint tortfeasor. (*Lyly & Sons Trucking Co.* v. *State of California, supra,* 147 Cal.App.3d 353, 359; *Paradise Valley Hospital* v. *Schlossman, supra,* 143 Cal.App.3d 87, 93.) Respondents, who paid Spencer's damages less the settlement by Gardner, are permitted to collect the

---

[2]That this is so is borne out by the fact that the same indemnification figure, $226,315.78, arrived at by way of the trial court's measure of damages, is also obtained by using the more complex formula of crediting appellant and respondent with their proportionate share of Gardner's overpayment of $225,000 ($23,684.22 or $^{10}/_{95}$ths, for appellant, and $201,315.78, or $^{85}/_{95}$ths for respondents) then subtracting this proportionate share of the overpayment of each from the amounts they should have paid had Gardner settled for his proper 5 percent share. We note, however, that the trial court's calculation using this (proper) formula was very slightly in error, the correct measure of damage being $226,315.78 rather than $226,315.66.

[3]In full, subdivision (c) of section 875 reads: "Such right of contribution may be enforced only after one tortfeasor has, by payment, discharged the joint judgment or has paid more than his pro rata share thereof. *It shall be limited to the excess so paid* over the pro rata share of the person so paying and in no event shall any tortfeasor be compelled to make contribution beyond his own pro rata share of the entire judgment." (Italics added.)

excess they paid over their pro rata share of the loss. We therefore conclude that the trial court's award was proper.

The judgment is modified to award respondents the amount of $226,315.78, and as so modified is affirmed.

Elkington, Acting P. J., and Holmdahl, J., concurred.

A petition for a rehearing was denied June 12, 1986, and appellant's petition for review by the Supreme Court was denied August 28, 1986.