**GENERAL MOTORS CORPORATION,**
a Delaware corporation, Plaintiff–
Appellee,

v.

**Gary D. DOUPNIK, Jr., Defendant–**
Appellant.

No. 92–15166.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted April 14, 1993.

Decided July 29, 1993.

David S. Worthington, Hardy, Erich, Brown & Wilson, Sacramento, CA, for appellee, General Motors Corp.

Ignatius John Melito, Siff & Rosen, New York City (argued), Gerald Z. Marer and John F. Schuck, Marer, Marer & Schuck, Palo Alto, CA, for appellant, Gary Doupnik, Jr.

Before: SCHROEDER, PREGERSON, and D.W. NELSON, Circuit Judges.

PREGERSON, Circuit Judge:

Gary Doupnik appeals the district court's grant of summary judgment in favor of General Motors in its diversity action for equitable indemnity under California law. The court ordered indemnity from Gary Doupnik for 80 percent of a $1.6 million loss of consortium judgment that was rendered in favor of Sally Doupnik, Gary's spouse, in an underlying state action. We have jurisdiction pursuant to 28 U.S.C. § 1291. We reverse.

### BACKGROUND

On January 8, 1983, Gary Doupnik and a friend were returning from a wedding reception when Doupnik lost control of the General Motors car he was driving. Doupnik's car left the road, went down an embankment, rolled over, and came to a stop upside down. The evidence indicated that Doupnik had been drinking prior to the accident. Defective welds in a pillar post of the car caused the body to collapse on the driver's side. Doupnik was rendered a quadriplegic.

Gary Doupnik filed suit in state court against General Motors, alleging that the defective roof welds caused his injuries. The jury found that Doupnik had sustained injuries in the amount of $6,668,212. The jury also found that Doupnik was liable for 80 percent of his injuries and that General Motors was only liable for the remaining 20

percent. In addition, the jury determined that Doupnik's wife, Sally Doupnik, had sustained loss of consortium damages in the amount of $1.6 million as a result of her husband's injuries.

Thereafter, the trial court entered judgment against General Motors and awarded Gary Doupnik $1,333,642 (20 percent of $6,668,212). On motion by General Motors, the court reduced Sally Doupnik's award to $1 million on the grounds that $1.6 million was excessive. The court refused, however, to reduce her award by 80 percent to reflect her husband's proportionate share of fault. Rather, the court held that Sally Doupnik's loss of consortium claim was separate and distinct from her spouse's claim. Hence, her spouse's share of fault would not reduce her award for her separate injury.

Both General Motors and the Doupniks appealed to the California Court of Appeal. The court affirmed Gary Doupnik's judgment, reinstated Sally Doupnik's judgment to its original $1.6 million, and affirmed the judgment as modified. The California Supreme Court denied review. Thereafter, General Motors paid 20 percent of Gary Doupnik's damages and 100 percent of Sally Doupnik's $1.6 million judgment, plus interest and costs.

General Motors then brought a diversity action in federal district court seeking equitable indemnity from Gary Doupnik for 80 percent of Sally Doupnik's $1.6 million loss of consortium award. The California Supreme Court provides no precedent that *specifically* permits or prohibits equitable indemnity from a spouse of an injured party where the injury sustained is loss of consortium. Nonetheless, the district court construed California law to permit the action. Accordingly, the district court granted summary judgment in favor of General Motors. In so ruling, the court held that Gary Doupnik, as a joint tortfeasor who was 80 percent at fault for causing his quadriplegic condition, must indemnify General Motors for 80 percent of Sally Doupnik's $1.6 million loss of consortium award. In addition, the court held that Gary Doupnik must also pay interest on such indemnity amount "from the date of entry of judgment against General Motors," i.e., the date of the jury verdict.

On appeal, Gary Doupnik contends that: (1) the district court erred in granting General Motors' motion for summary judgment because: (a) the state court held, as a matter of fact and law, that General Motors was responsible for 100 percent of Sally Doupnik's loss of consortium and therefore General Motors is collaterally estopped from "relitigating" this issue through this indemnity action; and (b) the court premised such judgment on an erroneous interpretation of California law regarding equitable indemnity; and (2) if, *arguendo*, General Motors is entitled to indemnity from Gary Doupnik, then: (a) the district court erred in ordering indemnity for 80 percent of the $1.6 million judgment because General Motors waived any right to recover more than 80 percent of $1 million plus interest by appealing the state trial court's judgment rather than making immediate payment; and (b) the district court erred in concluding that Gary Doupnik must pay interest on 80 percent of the $1.6 million judgment from the date of the jury's verdict, rather than from the date the judgment was made certain by the issuance of a remittitur by the state appellate court.

## ANALYSIS

We review de novo the district court's grant of summary judgment and interpretation of California state law. *State Farm Mut. Auto. Ins. Co. v. Davis,* 937 F.2d 1415, 1417, 1418 (9th Cir.1991). Viewing the evidence in the light most favorable to the nonmoving party, we must determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.; Tzung v. State Farm Fire & Casualty Co.,* 873 F.2d 1338, 1339–40 (9th Cir.1989).

Gary Doupnik concedes that there are no genuine issues of material fact in this case. Rather, he contends that summary judgment was improper because the court based its decision on an incorrect application of relevant California law. Hence, we must review the underlying state law regarding collateral estoppel and equitable indemnity.

■ California law on collateral estoppel prohibits parties to an action from relitigating an issue in a later action when: "(1) the issue decided in the prior adjudication is identical to the issue presented in the second action; (2) there was a final judgment on the merits; and (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication." *Hirst v. State of California*, 770 F.2d 776, 778 (9th Cir.1985).

■ Here, the jury determined that Gary Doupnik and General Motors were concurrent tortfeasors with respect to Gary's quadriplegic condition. California law in effect at the time of Sally Doupnik's injury [1] provided that concurrent tortfeasors were jointly and severally liable for a plaintiff's injuries. *American Motorcycle Ass'n v. Superior Court*, 20 Cal.3d 578, 590, 146 Cal.Rptr. 182, 189, 578 P.2d 899, 906 (1978). Joint and several liability requires that a tortfeasor whose negligence was a proximate cause of an indivisible injury remain liable for *the total* amount of damages, regardless of comparative fault. *Id.*, 20 Cal.3d at 590, 146 Cal.Rptr. at 189–90, 578 P.2d at 906–07.

■ Although the state trial court reduced Gary Doupnik's damage award to reflect his 80 percent comparative fault, the court declined to impute Gary's negligence to his wife. Hence, the court did not similarly reduce Sally Doupnik's loss of consortium award by 80 percent. Because General Motors was deemed to be a concurrent tortfeasor, it remained liable for 100 percent of the loss of consortium award. At no time, however, did the court address the issue of potential indemnification from Gary Doupnik for 80 percent of Sally Doupnik's damages. Hence, General Motors is not collaterally estopped from bringing the present equitable indemnity action against Gary Doupnik. *See Hirst*, 770 F.2d at 778.[2]

■ Gary Doupnik next contends that California law prohibits General Motors' action for equitable indemnity because he is not a concurrent tortfeasor with respect to his wife's loss of consortium injury.[3] The California Supreme Court does not provide specific guidance on the issue whether a third-party tortfeasor such as General Motors may seek indemnity from a spouse who was partially at fault in causing his own physical injuries that in turn caused his spouse's loss of consortium injuries. Where the California Supreme Court provides no determinative case law on an issue, we must use our best judgment to ascertain how that Court would decide such issue.[4]

■ The California courts adopted the equitable indemnity rule to ensure that "liability for an indivisible injury caused by concur-

1. In June 1986, California voters approved Proposition 51, an initiative measure that rendered moot the issue of spousal indemnity for loss of consortium damages for injuries sustained after that date. Specifically, Proposition 51 provides that a defendant in any action for personal injury shall be liable *only* for the amount of non-economic damages *allocated to that defendant in direct proportion to that defendant's percentage of fault.* California Civil Code § 1431.2(a) (West Supp.1993). Hence, Proposition 51 abolishes the need for equitable indemnity among multiple tortfeasors. The California Supreme Court has held, however, that Proposition 51 is not retroactive and therefore does not apply to causes of action accrued before the measure's effective date. *Evangelatos v. Superior Court*, 44 Cal.3d 1188, 1193, 246 Cal.Rptr. 629, 631, 753 P.2d 585, 587–88 (1988). Hence, because Sally Doupnik sustained her loss of consortium injury in 1983, we must apply the relevant substantive law in effect before passage of Proposition 51.

2. The appellant does not contend that the indemnification claim should have been raised in the state proceedings and is therefore barred by principles of res judicata or claim preclusion. We do not consider that question.

3. A loss of consortium injury is comprised of the "physical, psychological and emotional pain and anguish" experienced by a spouse when the other spouse "is negligently injured to the extent that he is no longer capable of providing the love, affection, companionship, comfort or sexual relations concomitant with a normal married life." *Lantis v. Condon*, 95 Cal.App.3d 152, 157, 157 Cal.Rptr. 22, 24 (1979).

4. Lower state court decisions may provide guidance as to the direction of the State Supreme Court's probable decisionmaking. *C.I.R. v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967). *Accord Scandinavian Airlines Sys. v. United Aircraft Corp.*, 601 F.2d 425, 427 (9th Cir.1979). We are not bound, however, to follow such decisions. *Estate of Bosch*, 387 U.S. at 465, 87 S.Ct. at 1782.

rent tortfeasors [would] be borne by each individual tortfeasor 'in direct proportion to [his] respective fault....'" *American Motorcycle*, 20 Cal.3d at 598, 146 Cal.Rptr. at 195, 578 P.2d at 912 (citation omitted). The equitable indemnity rule enables a concurrent tortfeasor to obtain partial indemnity from other concurrent tortfeasors on a comparative fault basis. *Id.*, 20 Cal.3d at 599, 146 Cal.Rptr. at 195, 578 P.2d at 912.

■ But California law permits a concurrent tortfeasor to obtain equitable indemnity *only* from another concurrent tortfeasor. *See, e.g., Munoz v. Davis*, 141 Cal.App.3d 420, 425, 190 Cal.Rptr. 400, 403 (1983) ("[T]here can be no indemnity without liability.... [U]nless the prospective indemnitor and indemnitee are jointly and severally liable to the plaintiff there is no basis for indemnity."); *GEM Developers v. Hallcraft Homes*, 213 Cal.App.3d 419, 430, 261 Cal. Rptr. 626, 632 (1989). Indeed, a right to indemnify exists only if the injured party (Sally Doupnik) has a *legal cause of action* against both the indemnitor (General Motors) and the indemnitee (Gary Doupnik). *See, e.g., New Hampshire Ins. Co. v. Sauer*, 83 Cal.App.3d 454, 459, 147 Cal.Rptr. 879, 882 (1978) (the indemnity "doctrine presupposes that 'each of two persons is made responsible by law to an injured party'" (citation omitted)).

As we have stated, General Motors seeks equitable indemnity from Gary Doupnik for 80 percent of Sally Doupnik's loss of consortium damages. Accordingly, for General Motors to sustain its claim for equitable indemnity, Sally Doupnik must have a legal cause of action against both General Motors and Gary Doupnik. *See Munoz*, 141 Cal.App.3d at 425, 190 Cal.Rptr. at 403.

■ At trial in the underlying state action, the jury determined that Gary Doupnik was 80 percent at fault for causing his quadriplegic condition. Gary Doupnik's quadriplegic condition, in turn, caused Sally Doupnik's loss of consortium injury. It does not follow, however, that Gary Doupnik is *liable* to Sally Doupnik for her loss of consortium injury. Rather, the California Supreme Court has recognized a loss of consortium cause of action only when brought against a *third-party* tortfeasor, *not* against the spouse who suffered the physical injuries that caused the loss of consortium injury. *Rodriguez v. Bethlehem Steel Corp.*, 12 Cal.3d 382, 408, 115 Cal.Rptr. 765, 782, 525 P.2d 669 (1974); *Anderson v. Northrop Corp.*, 203 Cal. App.3d 772, 780, 250 Cal.Rptr. 189, 194 (1988); 6 Bernard E. Witkin, *Summary of Cal. Law*, § 1417 (9th ed. 1988). Indeed, a spouse does not have a legally cognizable duty of care to the other spouse regarding consortium. *See id.*

Accordingly, Gary Doupnik did not owe his wife a duty of care with respect to the consortium that he provided to her. As a result, he is not a tortfeasor with respect to his wife's loss of consortium despite his own negligence in contributing to his quadriplegic condition. Therefore, Sally Doupnik does not have a legal cause of action against him for her loss of consortium injury.

■ Hence, we conclude that, although collateral estoppel does not preclude General Motors' claim, California law does not permit General Motors to obtain equitable indemnity from Gary Doupnik for 80 percent of Sally Doupnik's loss of consortium award. Rather, the district court based its decision to grant summary judgment in favor of General Motors on an erroneous application of state law.[5]

---

5. The district court based its decision to permit General Motors to obtain equitable indemnity from Gary Doupnik on two California Court of Appeal decisions, *Ambriz v. Kress*, 148 Cal. App.3d 963, 196 Cal.Rptr. 417 (1984), and *Lantis*, 95 Cal.App.3d 152, 157 Cal.Rptr. 22. Both *Ambriz* and *Lantis* held that a third-party tortfeasor may obtain equitable indemnity from a spouse whose negligence caused personal injuries, which in turn caused the other spouse to suffer a loss of consortium. *Ambriz*, 148 Cal. App.3d at 971, 196 Cal.Rptr. at 422; *Lantis*, 95

Cal.App.3d at 159, 157 Cal.Rptr. at 26. *Ambriz*, in particular, involved facts very similar to the case at hand. Neither case, however, even addressed the lack of logical underpinnings in such a holding, i.e., the fact that spouses cannot be held liable to each other for causing a loss of consortium to each other because the California Supreme Court has only recognized a spouse's right to bring a loss of consortium action against *third-party* tortfeasors. *Id.* Rather, the Courts of Appeal in the two cases simply assumed that the spouse from whom indemnity was sought could be considered a joint tortfeasor with respect to

Because we find that General Motors cannot obtain equitable indemnity from Gary Doupnik for Sally Doupnik's loss of consortium injury, we need not address the remaining issues raised by Gary Doupnik on this appeal. *See supra.*

Accordingly, WE REVERSE.

the other spouse's loss of consortium injury. *Id.* As set forth above, such a holding contradicts settled principles of California law that permit equitable indemnity among joint tortfeasors. *See American Motorcycle,* 20 Cal.3d 578, 146 Cal.Rptr. 182, 578 P.2d 899; *Evangelatos,* 44 Cal.3d 1188, 246 Cal.Rptr. 629, 753 P.2d 585. Hence, we decline to adopt the *Ambriz* and *Lantis* holdings permitting equitable indemnity from a spouse for the other spouse's loss of consortium injury.