MEMORANDUM **
In these consolidated appeals, the Bus-sell Family Trust (“the Trust”) appeals from judgments of forfeiture with respect to three parcels of real property and rental proceeds derived from one of them. The United States (“the government”) sought forfeiture based upon allegations that the defendant properties were involved in, or traceable to, a scheme by which John and Letantia Bussell (“the Bussells”) attempted to evade tax liabilities and conceal assets in a bankruptcy proceeding. The Trust filed claims asserting an ownership interest in each of the defendant properties. Following the parties’ cross-motions for summary judgment, the district court granted partial summary judgment for the government on the ground that the Trust lacked Article III standing to contest the forfeitures, and denied the Trust’s motion for summary judgment without reaching the merits of the arguments raised therein. *264 The district court subsequently entered final judgment of forfeiture in all four actions.
We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo a district court’s finding that a claimant lacks standing to challenge a civil forfeiture, United States v. Real Property Known As 22249 Dolorosa Street, 167 F.3d 509, 511 (9th Cir.1999), and a district court’s grant of summary judgment, United States v. Ranch Located in Young, AZ., 50 F.3d 630, 632 (9th Cir.1995), and we affirm.
In order to have standing to contest a civil forfeiture under Article III, a claimant must have a sufficient interest in the property to create a case or controversy. United States v. Real Property Located at 5208 Los Franciscos Way, 385 F.3d 1187, 1191 (9th Cir.2004); United States v. One Lincoln Navigator 1998, 328 F.3d 1011, 1013 (8th Cir.2003). The Trust claimed that the defendant real properties were the res of the Trust. Specifically, the Trust claimed that either (1) the instrument creating the Trust merely amended a prior trust that held the defendant real properties until 1992 or (2) the Trust was a new entity but the trust instrument was sufficient to convey the defendant real properties from the prior trust into the Trust. The district court properly concluded that the Trust failed to demonstrate a triable issue of material fact as to either of its alternative theories of ownership.
The Trust was created in California and expressly states that California law governs all issues of validity and construction. Under California law, the intent of the trustor must be ascertained from the trust instrument as a whole and the circumstances under which the instrument was made. Wells Fargo Bank v. Marshall, 20 Cal.App.4th 447, 453, 24 Cal.Rptr.2d 507 (1993). As noted by the district court, the language of the trust instrument made no mention of the prior trust and, read as a whole, clearly indicated creation of a new trust rather than amendment of the prior trust. Moreover, the prior trust continued to act as. a separate entity, transferring two of the defendant properties and obtaining a loan secured by the third defendant property after execution of the instrument that created the Trust. Based upon this record, the district court properly concluded as a matter of law that the Trust was a separate and distinct entity and not merely an amendment of the prior trust.
With respect to the Trust’s alternative claim of ownership, the district court concluded as a matter of law that the trust instrument failed to identify the defendant real properties as res of the Trust with sufficient particularity, and that in any event mere identification of the properties in the trust instrument was insufficient to convey the properties into the Trust. When trust property is real estate, the statute of frauds requires that the declaration of trust be in writing and that an adequate description of the trust property be provided. See Osswald v. Anderson, 49 Cal.App.4th 812, 818, 57 Cal.Rptr.2d 23 (1996); Estate of Heggstad, 16 Cal.App.4th 943, 948, 20 Cal.Rptr.2d 433 (1993).[1] *265 Here, the Trust relied upon a portion of the written description specifying all “property that does have a title or other document indicating ownership thereof whether or not the Trustors actually execute a document actually transferring said property to the Trust.” While acknowledging that this language is extremely broad and arguably could cover real property held by the Bussells, the district court properly noted that there was nothing in the trust instrument to indicate whether the reference to property held by “Trustors” was intended to indicate property held by the Bussells in their individual capacities or in their capacities as trustees of the prior trust or both. The defendant real properties thus were not identified with sufficient particularity as res of the Trust.[2]
Even had the defendant real properties been identified with sufficient particularity, mere identification of the properties would have been insufficient to convey them into the Trust. Under California law, a settlor can create a trust in one of two ways: (1) by declaring himself trustee of the property or (2) by transferring the property to another person as trustee. Heggstad, 16 Cal.App.4th at 948, 20 Cal. Rptr.2d 433. While the general rule is that a trust always requires transfer of legal title to the trustee, id. at 950, 20 Cal.Rptr.2d 433, no such transfer is required when the settlor is the trustee because there is no real transfer of any property interest to a trustee, id at 949-50, 20 Cal.Rptr.2d 433. Here, the Bussells were the settlors but were not the trustees; the trust instrument named Letantia Bussell’s sister, Evelyn Jankowski, as the trustee. Accordingly, the Bussells could not create a trust in the defendant properties by declaration. Because some separate conveyance to the trustee was required,[3] and it was undisputed that the Bussells did not execute any such conveyance, the district court properly concluded as a matter of law that the Trust could not under any circumstances establish an ownership interest in the defendant real prop *266 erties.[4]
The Trust argues that the district court’s reasoning with respect to the statute of frauds and Heggstad was insufficient to dispose of its claim that it was entitled to a constructive trust. The Trust fails to present any authority that it would be a proper beneficiary of a constructive trust absent evidence that it ever owned or acquired an interest in the defendant real properties.
Finally, at the hearing on this matter, the Trust for the first time raised the argument that the district court was required to address the government’s “Article III standing” before addressing the Trust’s Article III standing. The Trust contends that because the government never established that the defendant properties were subject to forfeiture, the district court lacked subject matter jurisdiction to enter the judgments of forfeiture. We recently rejected this identical argument in another case. See 5208 Los Franciscos Way, 385 F.3d at 1193. Because the district court properly determined on the record before it that the Trust lacked a sufficient interest in the defendant properties to confer Article III standing, the Trust had no legal basis upon which to object to the forfeiture. See id. The district court properly granted the government’s motion for summary judgment and denied the Trust’s cross-motion without reaching the merits of the arguments raised therein.
Accordingly, the judgment of the district court is
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited by or to the courts of this circuit except as may be provided by 9th Cir. R. 36-3.

. The Trust asserts without explanation or citation to authority that the statute of frauds issue is governed by Utah law with respect to one of the real properties, which is located in Utah. The Trust presumably is relying upon general authority that for Article III purposes ownership interest is determined under the law of the state in which the interest arose. See 5208 Los Franciscos Way, 385 F.3d at 1191; One Lincoln Navigator 1998, 328 F.3d at 1013 (8th Cir.2003). While the subject real property is located in Utah, the Trust's asserted ownership interest arose solely from the creation of the Trust. As discussed above, the trust instrument expressly requires application of California law to issues of validity and *265 construction. Accordingly, Utah law is irrelevant to the instant analysis.

. The Trust argues that the district court improperly excluded extrinsic evidence as to the Bussells’ intent in creating the Trust, and that had such evidence been admitted it would have created at least a triable issue of material fact as to whether the Trust was intended to convey the defendant real properties. As discussed below, even if the Bussells intended such a conveyance, the trust instrument was insufficient to effect such a conveyance as a matter of law.

. The Trust argues that Heggstad should be applied broadly to permit a settlor to create a trust by declaration not only when he himself is the trustee but also when another person is the trustee. The Trust argues that the California courts are applying Heggstad in this manner, and in support of this argument requests judicial notice of the local rules of the California Superior Court for the County of Santa Cruz as well as filings in various superior court cases. We deny that request while noting that consideration of the documents in question would not affect our analysis. In the absence of case law from the California Supreme Court, we must use our best judgment to predict how that court would decide the issue in question. See General Motors Corp. v. Doupnik, 1 F.3d 862, 865 (9th Cir.1993). We may look to lower state court decisions for guidance, but are not bound to follow such decisions. Id. at 865 n. 4. In our judgment, Heggstad cannot be read in the manner asserted by the Trust. Such a reading would be contrary to the language of the opinion, which expressly recognizes that if a settlor does not simply declare himself trustee of particular property, he may create a trust only by "transferring the property to another as trustee for some other person, by deed or other inter vivos transfer or by will.” Heggstad, 16 Cal.App.4th at 948, 20 Cal.Rptr.2d 433.

. The Trust asserts that the district court erred in requiring that it prove ownership of the defendant properties in order to establish Article III standing, citing to cases setting forth the well-established rule that a claimant need have only a "colorable” interest. While the Trust is correct as to the applicable standard, see 5208 Los Franciscos Way, 385 F.3d at 1191, the district court properly granted summary judgment because the Trust failed to establish a colorable claim of ownership. As discussed above, there was no evidence in the record that would support a finding that the defendant real properties ever were transferred into the Trust.