[No. A055005. First Dist., Div. Two. June 21, 1993.]

Estate of HALVARD L. HEGGSTAD, Deceased.
GLEN P. HEGGSTAD, as Trustee, etc., Petitioner and Respondent, v.
NANCY RHODES HEGGSTAD, Objector and Appellant.

**COUNSEL**

Thirkell & Cretan, Edward D. Thirkell and Daniel Passamaneck for Objector and Appellant.

Wilson & Wilson, Donald A. Wilson, Weinberg, Ziff & Miller and Michael Patiky Miller for Petitioner and Respondent.

## OPINION

PHELAN, J.—In response to respondent's petition for order instructing trustee, the probate court decreed that the decedent's undivided 34.78 percent interest in property identified as 100 Independence Drive, Menlo Park, San Mateo County, was vested in Glen P. Heggstad, as successor trustee of the Heggstad Family Trust, and was not part of the decedent's estate. We hold that the settlor's written declaration stating that he holds this property as trustee was sufficient to create a revocable living trust, and we affirm the probate court's order.

### FACTS

On May 10, 1989, decedent Halvard L. Heggstad executed a will naming his son, respondent Glen P. Heggstad, as executor. Concurrently, the decedent executed a valid revocable living trust, naming himself as the trustee and his son Glen, the successor trustee (hereafter the Heggstad Family Trust). All the trust property was identified in a document titled schedule A, which was attached to the trust document. The property at issue was listed as item No. 5 on schedule A, and was mislabeled as "Partnership interest in 100 Independence Drive, Menlo Park, California."

In truth, decedent had an undivided 34.78 percent interest in that property as a tenant in common. There is no dispute as to the nature of the decedent's interest in this property. This property remained in decedent's name, as an unmarried man, and there was no grant deed reconveying this property to himself as trustee of the revocable living trust. Both sides agree that decedent had formally transferred by separate deeds, all the other real property listed in schedule A to himself as trustee of the Heggstad Family Trust.

About one month after executing these documents, the decedent married appellant Nancy Rhodes Heggstad. She was not provided for in either the will or the trust documents, and all parties agree that she is entitled to one-third of the decedent's estate (her intestate share)[1] as an omitted spouse pursuant to Probate Code section 6560.[2] She takes nothing under the terms of the trust and makes no claim thereto.

Decedent died on October 20, 1990, and his son was duly appointed executor of his estate and became successor trustee under the terms of the

---

[1] Decedent was survived by his son Glen and daughter Susan and a granddaughter.

[2] Unless otherwise indicated, all further statutory references are to the Probate Code.

Heggstad Family Trust. The trust documents were recorded following decedent's death on January 10, 1991.

During the probate of the will, Glen, the successor trustee, petitioned the court for instructions regarding the disposition of the 100 Independence Drive property. The trustee claimed that the trust language was sufficient to create a trust in the subject property and that the property was not part of his father's estate.

In pertinent part, article 1 of the trust provided: "HALVARD L. HEGGSTAD, called the settlor or the trustee, depending on the context, declares that he has set aside and transfers to HALVARD L. HEGGSTAD in trust, as trustee, the property described in Schedule A attached to this instrument."

Appellant objected, arguing: the trustee is asking for a change of title, which is not available as a remedy in a petition for instructions; the property was not transferred to the trust by a properly executed document or by operation of law; and the trustee is also a beneficiary of the trust and should be removed because of this conflict of interest.

The probate court concluded that the trust document, specifically article 1, was sufficient to create a trust in the subject property.

## DISCUSSION

Appellant contends that a written declaration of trust is insufficient, by itself, to create a revocable living trust in real property, and the decedent was required to have executed a grant deed transferring the property to himself as trustee of the Heggstad Family Trust. None of the authorities cited by appellant require a settlor, who also names himself as trustee of a revocable living trust, to convey his property to the trust by a separate deed.[3] Our independent research has uncovered no decisional law to support this position. To the contrary, all the authorities we have consulted support the conclusion that a declaration by the settlor that he holds the property in trust for another, alone, is sufficient.

To create an express trust there must be a competent trustor, trust intent, trust property, trust purpose, and a beneficiary. (Prob. Code, §§ 15201-15205; *Walton* v. *City of Red Bluff* (1991) 2 Cal.App.4th 117, 124

---

[3]The case of *Nichols* v. *Emery* (1895) 109 Cal. 323 [41 P. 1089] cited by respondent is inapposite. That decision involves a revocable living trust, created by conveyance of the trust property, by deed, to a third party trustee. It has no application to the situation before us—the creation of a revocable living trust by declaration of the settlor.

[3 Cal.Rptr.2d 275].) The settlor can manifest his intention to create a trust in his property either by: (a) declaring himself trustee of the property or (b) transferring the property to another as trustee for some other person, by deed or other inter vivos transfer or by will. (11 Witkin, Summary Cal. Law (9th ed. 1990) Trusts, § 26, p. 911; see also *Getty* v. *Getty* (1972) 28 Cal.App.3d 996, 1003 [105 Cal.Rptr. 259] ["An *inter vivos* trust can be created either by agreement or by a unilateral declaration of the person who assumes to act as trustee." (Italics in original.)].)

These two methods for creating a trust are codified in section 15200: "(a) A declaration by the owner of property that the owner holds the property as trustee," and "(b) A transfer of property by the owner during the owner's lifetime to another person as trustee." (§ 15200; see also Rest.2d Trusts, § 17.)

 Where the trust property is real estate, the statute of frauds requires that the declaration of trust must be in writing signed by the trustee. (§ 15206; accord Rest.2d, Trusts, § 40, com. b, at p. 105.) Here, the written document declaring a trust in the property described in schedule A was signed by the decedent at the time he made the declaration and constitutes a proper manifestation of his intent to create a trust. Contrary to appellant's assertion, there is no requirement that the settlor/trustee execute a separate writing conveying the property to the trust. A review of pertinent sections of the Restatement Second of Trusts, illustrates our point. This consideration is particularly appropriate, since the Law Revision Commission Comment to section 15200 indicates: "This section is drawn from section 17 of the Restatement (Second) of Trusts (1957)." (Deering's 1991 Prob. Code Special Pamp., p. 963.)

Section 17 of the Restatement Second of Trusts provides that a trust may be created by "(a) a declaration by the owner of property that he holds it as trustee for another person; or [¶] (b) a transfer inter vivos by the owner of property to another person as trustee for the transferor or for a third person . . . ." The comment to clause (a) states: "If the owner of property declares himself trustee of the property, a trust may be created without a transfer of title to the property." (*Ibid.*)

Illustration "1" of section 17 of the Restatement Second of Trusts is instructive. It reads: "A, the owner of a bond, declares himself trustee of the bond for designated beneficiaries. A is the trustee of the bond for the

beneficiaries. [¶] So also, the owner of property can create a trust by executing an instrument conveying the property to himself as trustee. In such a case there is not in fact a transfer of legal title to the property, since he already has legal title to it, *but the instrument is as effective as if he had simply declared himself trustee.*" (Italics added.)

■■ Section 28 of the Restatement Second of Trusts announces the rule that no consideration is necessary to create a trust by declaration.[4] This rule applies both to personal and real property, and it also supports our conclusion that a declaration of trust does not require a grant deed transfer of real property to the trust. Illustration "6" provides: "A, the owner of Blackacre, in an instrument signed by him, gratuitously and without a recital of consideration declares that he holds Blackacre in trust for B and his heirs. B is not related to A by blood or marriage. A is trustee of Blackacre for B."

More directly, comment m to section 32 of the Restatement Second of Trusts (Conveyance Inter Vivos in Trust for a Third Person) provides in pertinent part: "*Declaration of trust. If the owner of property declares himself trustee of the property a transfer of the property is neither necessary nor appropriate. . . .*" (Second italics added.)[5]

Additionally, comment b to section 40 of the Restatement Second of Trusts (Statute of Frauds) establishes that a written declaration of trust, by itself, is sufficient to create a trust in the property. Comment b states: "*Methods of creation of trust.* The statute of frauds is applicable whether a trust of an interest in land is created *by the owner's declaring himself trustee,* or by a transfer by him to another in trust." (Second italics added.)[6]

Finally, Bogert, in his treatise on trusts and trustees observes: "Declaration of Trust [¶] It is sometimes stated that the transfer by the settlor of a legal title to the trustee is an essential to the creation of an express trust. The statement is inaccurate in one respect. Obviously, if the trust is to be created by declaration there is no real transfer of any property interest to a trustee.

---

[4]The section reads: "The owner of property can create a trust of the property by declaring himself trustee of it although he receives no consideration for the declaration of trust."

[5]Section 32 states: "(1) Except as stated in Subsection (2), if the owner of property makes a conveyance inter vivos of the property to another person to be held by him in trust for a third person and the conveyance is not effective to transfer the property, no trust of the property is created. [¶] (2) If the conveyance is ineffective only because no trustee is named in the instrument of conveyance or because the person named as trustee is dead or otherwise incapable of taking title to the property, a trust is created."

[6]Section 40 states: "(1) If by statute it is provided that all declarations or creations of trusts of land shall be manifested and proved by some writing signed by the party who is by law enabled to declare such a trust, or by his last will in writing, or else they shall be utterly void and of none effect, the rules stated in §§ 41-52 are applicable. [¶] (2) A statute containing such a provision is in this Chapter referred to as the Statute of Frauds."

The settlor holds a property interest before the trust declaration, and after the declaration he holds a bare legal interest in the same property interest with the equitable or beneficial interest in the beneficiary. No new property interest has passed to the trustee. The settlor has merely remained the owner of part of what he formerly owned." (Bogert, Trusts and Trustees (2d ed. rev. 1977) § 141, pp. 2-3, fn. omitted.)

 ██ ██ ██ These authorities provide abundant support for our conclusion that a written declaration of trust by the owner of real property, in which he names himself trustee, is sufficient to create a trust in that property, and that the law does not require a separate deed transferring the property to the trust.[7]

None of the practice guides relied upon by appellant state a contrary rule. In fact, as appellant concedes, these works only recommend that a deed be prepared conveying title to the settlor as trustee. The purpose is to provide solid evidence of the settlor's manifestation of intent to create a trust, should a question arise. (See Drafting Cal. Revocable Living Trusts (2d ed. Cont.Ed.Bar 1984) § 3.1, p. 52.)

 ██ ██ ██ Moreover, the practice guide, Drafting California Revocable Living Trusts, *supra*, supports our conclusion that a transfer of title is not necessary when the settlor declares himself trustee in his own property.[8] Section 1.6 of that practice guide states in part: "A trust always requires transfer of legal title to the trustee *or, if a settlor is also trustee, a declaration by the settlor that he or she holds legal title in trust for another*." (Italics added.) In fact, the very language recommended by that practice guide for declaring trusts is consistent with the decedent's trust document. Section 3.14-1 reads: "[Name of settlor] (called the settlor or the trustee, depending on the context) declares that [he/she] has set aside and holds in trust [e.g., the property described in Schedule A attached to this instrument] . . . ." Article One of the trust substantially tracks this language and constitutes a valid declaration of trust in the property identified in schedule A. Decedent took all the necessary steps to create a valid revocable living trust.

Respondent/trustee errs when he argues that in order to uphold the trust, we must view the trust document as a valid conveyance of the property to the trust. This argument misses the point that a declaration of trust is

---

[7] We hasten to note, however, that to be effective as to strangers, the declaration of trust must be recorded.

[8] While practice guides are not compelling authority, they are persuasive when there is an absence of precedent. As Witkin has observed, "Textbooks dealing with specialized areas of the law, and works on practice, are persuasive indications of what the prevailing law may be." (Witkin, Manual on Appellate Court Opinions (1977) § 69, p. 114.)

sufficient to create a trust, without the need of a conveyance of title to the settlor as trustee. (See Bogert, Trusts & Trustees, *supra*, § 141 at pp. 2-3.)

## II

■ Appellant next contends the probate court lacked jurisdiction to determine the testamentary nature of 100 Independence Drive, i.e., whether it was part of the estate or trust property. She claims that a petition for instruction to the trustee, under section 17200, cannot resolve the legal status of disputed trust property. This contention defies common sense and finds no support in the law.

Section 17000 defines the subject matter jurisdiction of the probate court over trusts as follows: "(a) The superior court having jurisdiction over the trust pursuant to this part has exclusive jurisdiction of proceedings concerning the internal affairs of trusts. [¶] (b) The superior court having jurisdiction over the trust pursuant to this part has concurrent jurisdiction of the following: [¶] (1) Actions and proceedings to determine the existence of trusts. . . ."

Section 17200 provides in part: "(a) Except as provided in Section 15800, a trustee or beneficiary of a trust may petition the court under this chapter concerning the internal affairs of the trust or *to determine the existence of the trust.* [¶] (b) Proceedings concerning the internal affairs of a trust include, but are not limited to, proceedings for any of the following purposes: [¶] (1) Determining questions of construction of a trust instrument. . . . [¶] (3) Determining the validity of a trust provision." (Italics added.)

These sections, by their express language, provide that a trustee's petition for instruction under subdivision (b)(1) of section 17200, invokes the probate court's general jurisdiction to decide the merits of a third party challenge to the inclusion of property in a trust. This interpretation not only makes sense as a matter of judicial economy, but it also recognizes the probate court's inherent power to decide all incidental issues necessary to carry out its express powers to supervise the administration of the trust.

■ As the Law Review Commission Report to section 17001 explains: "A corollary of the principle that the superior court considering internal trust affairs should have full powers is the rule that this court has concurrent jurisdiction with other courts over questions involving the existence of trusts, disputes with creditors or debtors of trusts, and other matters involving disputes between trustees and third persons. *Thus as a matter of judicial economy, the superior court, in proceedings brought before it concerning*

*internal trust affairs, has the power to determine issues other than those strictly relating to the internal affairs of the trust. If a question as to the rights of a third person arises in such proceedings, the court will have the opportunity to decide the issue and need not refer it to another department of the superior court.*" (18 Cal. Law Revision Com. Rep., p. 581, italics added.)[9]

Also, the Law Revision Commission Report on section 17200 states: "The proposed law continues existing law in this area, but adds additional grounds for petition. *These include determining questions of construction of trust instruments . . . .*" (18 Cal. Law Revision Com. Rep., p. 583.)

The plain language of the statutes and the Law Revision Commission's comments support our conclusion that the probate court may decide if an enforceable declaration of trust has been made upon review of a trustee's petition for instruction.

The same relief would have been available to this respondent/trustee, who also was executor of the estate, had he petitioned the probate court for an order to convey or transfer property held by the decedent under section 9860. That statute provides in part: "(a) The personal representative or any interested person may file a petition requesting that the court make an order under this chapter in any of the following cases: . . . [¶] (3) Where the decedent died in possession of, or holding title to, real or personal property and the property or some interest therein is claimed to belong to another. . . ." (See also 12 Witkin, Summary Cal. Law, Wills and Probate, *op. cit. supra*, § 341, pp. 377-378.)

The probate court has general subject matter jurisdiction over the decedent's property and as such, it is empowered to resolve competing claims over the title to and distribution of the decedent's property. (§ 7050, subd. (b); see, e.g., *Estate of Baglione* (1966) 65 Cal.2d 192, 196-197 [53 Cal.Rptr. 139, 417 P.2d 683] ["[A] superior court sitting in probate that has jurisdiction over one aspect of a claim to certain property can determine all aspects of the claim."].) It is of no legal significance that respondent/trustee chose to seek relief through a petition for instruction (§ 17200), rather than the equivalent petition for conveyance or transfer (§ 9860). The issue of whether the property belonged to a living trust or whether it should be probated in decedent's estate are opposite sides of the same coin, and it is a fruitless exercise in semantics for appellant to argue that the probate court may only decide this issue as part of its administration of the decedent's estate. Appellant's contention fails.

---

[9]Section 17001 provides: "In proceedings commenced pursuant to this division, the court is a court of general jurisdiction and has all the powers of the superior court."

The probate court's order declaring that the property identified as "100 Independence Way, Menlo Park, San Mateo County," is included in the living trust is affirmed.

Kline, P. J., and Benson, J., concurred.