

FILED

Apr 15 2019, 8:52 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joseph J. Zaknoen
Espar & Associates, P.C.
Michigan City, Indiana

ATTORNEY FOR APPELLEE

Douglas L. Biege
Drayton, Biege, Sirugo &
  Elliott, LLP
LaPorte, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| John W. Homan, Successor Trustee to the February 15, 2013 Trust No. 102433, | April 15, 2019 |
| *Appellant-Petitioner,* | Court of Appeals Case No. 18A-EU-1801 |
| v. | Appeal from the LaPorte Circuit Court |
| The Unsupervised Estate of Robert L. Homan, deceased, | The Honorable Thomas J. Alevizos, Judge |
| *Appellee-Respondent* | Trial Court Cause No. 46C01-1601-EU-20 |

**Vaidik, Chief Judge.**

# Case Summary

[1] In Indiana, an owner of property can place that property in trust by declaring in writing that he or she holds it as trustee. The trust agreement at issue in this case provides that "[t]he GRANTOR hereby transfers to himself as TRUSTEE

the property listed on the attached schedule, marked Schedule 'A', and incorporated herein," but the Schedule "A" attached to the agreement is blank. The issue is whether certain farm land discussed in a different part of the trust agreement was placed in trust notwithstanding the blank Schedule "A." We hold that it was not.

# Facts and Procedural History

[2] Robert L. Homan died in January 2016. During his lifetime, he had owned approximately 300 acres of farm land in LaPorte County. When he died, his brother Paul F. Homan—the personal representative under Robert's 2009 will—opened an unsupervised estate and began taking actions relating to the farm land (i.e., renting land and selling crops). Later the same year, Robert's nephew, John W. Homan, filed a petition asking the trial court to convert the estate from unsupervised to supervised. John alleged that he is the successor trustee of a trust that Robert created in 2013, that Robert had put the farm land into the trust, that as a result the land was no longer part of Robert's personal estate, and that Paul's actions relating to the land are therefore improper.

[3] The trust agreement begins by naming Robert as grantor and initial trustee and John as successor trustee:

> THIS TRUST AGREEMENT executed this __15__ day of __Feb__, 2013 by Robert L. Homan a/k/a Robert Homan of LaPorte County, Indiana, hereinafter "GRANTOR", and "TRUSTEE". If at any time Robert L. Hohman [sic] should be unable or

unwilling to serve as TRUSTEE, the first successor trustee would the [sic] GRANTOR'S nephew, John W. Homan.

Appellant's App. Vol. II p. 45. It then defines the "trust estate" as follows:

> The GRANTOR hereby transfers to himself as TRUSTEE the property listed on the attached schedule, marked Schedule "A", and incorporated herein. That property and all investments and reinvestments thereof and additions thereto are herein collectively referred to as the "trust estate" and shall be held and disposed of upon the following trusts[.]

*Id.* However, the Schedule "A" attached to the agreement does not actually identify any property—it is blank. *Id.* at 54. In the trial court, John acknowledged that Schedule "A" was blank but argued that the farm land is nonetheless trust property because Article III of the agreement discusses the management and distribution of the farm land:

> After the death of the GRANTOR [Robert] . . . the SUCCESSOR TRUSTEE [John] will continue holding the assets in the trust upon the following terms and conditions:
>
> (a)    The SUCCESSOR TRUSTEE will continue the farm operation, held in the trust, so that the net income from 150 acres of such farm ground will be distributed to the GRANTOR'S brother, Paul F. Homan. When Paul F. Homan passes, if he is survived by his wife, Carolyn, then she will receive the net income from that same amount of acreage and then, upon the death of the latter of Paul F. Homan and his wife, Carolyn Homan, their daughter, Cathleen Homan, shall receive the income therefrom for her natural lifetime.

(b)     The GRANTOR'S nephew, David L. Homan, shall be entitled to receive the net income from 100 acres of farm ground.  If David L. Homan is not surviving, or upon his death, then the GRANTOR'S nephew, John W. Homan shall receive the income from that 100 acres of ground.

(c)     The remainder of any and all tillable acres as well as the income from all other sources of this trust shall be distributed to the GRANTOR'S nephew, John W. Hohma [sic] and then if he is not surviving or upon his death, that income will be distributed to his brother, David L. Homan.

*Id*. at 46-47.  Notwithstanding this discussion of the farm land, the trial court denied John's petition to convert the estate from unsupervised to supervised and struck the trust agreement from the record, noting that "on Schedule 'A', there is no mention of farm land placed into the trust."  *Id.* at 123.

[4]     John now appeals.

# Discussion and Decision

[5]     John contends that the farm land is trust property by virtue of the trust agreement and that the trial court therefore erred by not requiring supervision of Robert's estate and by striking the trust agreement from the record. Interpretation of a trust instrument is an issue of law that we review de novo. *Fulp v. Gilliland*, 998 N.E.2d 204, 207 (Ind. 2013).

[6]     Initially, we note that, in addition to leaving Schedule "A" blank, Robert never executed a deed transferring the farm land to the trust.  Paul asserts that this

fact, alone, is enough to establish that the farm land is not trust property. He cites Indiana Code section 32-21-1-13, which provides that, generally, "a conveyance of land or of any interest in land shall be made by a deed that is: (1) written; and (2) subscribed, sealed, and acknowledged by the grantor (as defined in IC 32-17-1-1) or by the grantor's attorney." But as our Supreme Court has explained, "'If the owner of property declares himself trustee of the property, a trust may be created without a transfer of title to the property.'" *Hinds v. McNair*, 235 Ind. 34, 52, 129 N.E.2d 553, 563-64 (1955) (quoting Restatement (First) of Trusts § 17 cmt. a (Am. Law Inst. 1935)); *see also Kesling v. Kesling*, 967 N.E.2d 66, 79 (Ind. Ct. App. 2012), *trans. denied*. In other words, while a separate deed could certainly provide clarity, a written trust instrument can satisfy the written-deed requirement. *See, e.g.,* Restatement (Third) of Trusts § 10 (Am. Law Inst. 2003); *Rose v. Waldrip*, 730 S.E.2d 529 (Ga. Ct. App. 2012); *Ladd v. Ladd*, 323 S.W.3d 772 (Ky. Ct. App. 2010); *Estate of Heggstad*, 16 Cal. App. 4th 943 (1993).

[7] The question we must address is whether the trust agreement was sufficient to make the farm land property of the trust. We hold that it was not. Indiana's Trust Code defines "trust property" as "property either placed in trust or purchased or otherwise acquired by the trustee for the trust regardless of whether the trust property is titled in the name of the trustee or the name of the trust." Ind. Code § 30-4-1-2(22). One way for property to be "placed in trust" is "a declaration by an owner of property that he or she holds that property as trustee for one or more persons[.]" Restatement (Third) of Trusts § 10. Here,

the trust agreement includes the framework for such a declaration when it says, "The GRANTOR hereby transfers to himself as TRUSTEE the property listed on the attached schedule, marked Schedule 'A', and incorporated herein." However, because Schedule "A" was left blank, it cannot be said that Robert "declared" himself trustee of the farm land or any other property.

[8] John directs us to Indiana Code section 30-4-2-1(b), which provides, in part, that "no formal language is required to create a trust, but the terms of the trust must be sufficiently definite so that the trust property . . . may be ascertained with reasonable certainty." John contends that, despite the blank Schedule "A", the property Robert "intended to be trust property can be 'ascertained with reasonable certainty'" because the farm land is discussed in the distribution section of the trust agreement. Appellant's Br. p. 27. He emphasizes the provision that he (as successor trustee) "will continue the farm operation, held in trust . . . ." Appellant's App. Vol. II p. 47. Judging by this language, it may be that Robert intended to place the farm land into the trust and simply neglected to complete Schedule "A." But in determining whether property meets the definition of "trust property" under Indiana Code section 30-4-1-2(22), the question is not whether the owner "intended" to place the property in trust but whether the property was, actually, "placed in trust." Here, neither the farm land nor any other property was "placed in trust."

[9] John's focus on the requirement in Section 30-4-2-1(b) that "the terms of the trust must be sufficiently definite so that the trust property . . . may be ascertained with reasonable certainty" is misplaced. That provision pertains to

the situation where generally described property (e.g., "my home," "my farm," "my car") has been placed in trust and the question is whether the precise property can be identified. For example, if a trust instrument says "I hereby place my home in trust" and does not include any additional identifying information, the question is whether the "home" at issue can be "ascertained with reasonable certainty." If it cannot, and the "home" was the sole property transferred into the trust, then no trust was created. *See* Restatement (Third) of Trusts § 40 cmt. e ("[A]lthough S may declare himself trustee of all of the stocks and bonds he owns at the time of the declaration, if he declares himself trustee of 'the bulk of my securities' or purports to transfer 'some substantial portion of my X Co. stock' to T in trust, no trust is created."); Restatement (Second) of Trusts § 76 cmt. a (Am. Law Inst. 1959) ("A, the owner of Blackacre, purports to convey to B in trust for C 'a small part' of Blackacre. No trust is created."); Scott on Trusts § 76 (4th ed. 1987); Bogert, The Law of Trusts and Trustees § 111 (2d ed. rev. 1984). This provision has no application where, as here, **no property**—not even generally described property—has been placed in trust.

[10] Because Robert never declared himself trustee of his farm land, the farm land is not property of the trust, and the trial court did not err by denying John's petition to convert the estate from unsupervised to supervised or by striking the trust agreement from the record.

[11] Affirmed.

Mathias, J., and Crone, J., concur.