Filed 11/14/22  Karamooz v. Karamooz CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FOURTH APPELLATE DISTRICT

### DIVISION THREE

|  |  |
|---|---|
| NIMA KARAMOOZ,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SAEED KARAMOOZ,<br><br>    Defendant and Appellant. | G060515<br><br>(Super. Ct. No. 30-2010-00380990)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Jacki C. Brown, Judge.  Affirmed.

Kermani LLP, Ramin Kermani-Nejad, Mohamad Ahmad; Law Office of Kathryn M. Davis, Kathryn M. Davis; One LLP and Peter R. Afrasiabi for Defendant and Appellant.

Lefton Law, Jennifer Lefton; Conti Law and Alexander L. Conti for Plaintiff and Respondent.

\*        \*        \*

Probate Code section 8804, subdivision (b), allows a court to remove the personal representative of an estate for refusing or negligently failing to timely file an inventory and appraisal.[1] In a prior appeal, a panel of this Court affirmed the trial court's removal of defendant Saeed Karamooz (Saeed)[2] as personal representative of the estate of Nahid Karamooz (decedent) under this statute. Based on Saeed's failure to timely file an inventory and appraisal, this Court also ruled plaintiff Nima Karamooz (Nima), the sole beneficiary of decedent's trust, was entitled to attorney fees under section 8804, subdivision (c). On remand, the trial court awarded Nima $212,089.25 in fees. Saeed challenges this award on appeal.

Primarily, Saeed contends Nima is not entitled to attorney fees under section 8804 because he has not shown that Saeed's conduct damaged the estate. However, our prior holding that Nima is entitled to attorney fees under section 8804, subdivision (c), is law of the case, and it precludes Saeed's argument on appeal. We also reject Saeed's contention that Nima's fee motion was untimely. Thus, we affirm the court's postjudgment order awarding Nima attorney fees.

I

FACTS AND PROCEDURAL HISTORY

*A. The Trial*

The following facts are taken from the prior appeal in this matter, *Karamooz v. Karamooz* (Apr. 27, 2020, G056897) [nonpub. opn.] (*Karamooz I*).

"Decedent, who died in December 2008, created a revocable trust (Trust) and also executed a pour-over will (Will). Decedent's son Nima was the sole beneficiary of the Trust and, except for $1 each to Nima's two siblings, the Will as well. Decedent

---

[1] All further undesignated statutory references are to the Probate Code.

[2] We use the parties' first names for ease of reference.

2

was the original trustee of the trust; Nima was named as the successor trustee. Nima did not want to serve as the trustee and he appointed his father, Hossein Karamooz (Hossein), as successor trustee. [Hossein and decedent acrimoniously divorced about six years before the latter's death.] The Will named decedent's brother Saeed as the personal representative of the estate.

"Estate assets at the date of death included two Wells Fargo bank accounts (Wells Fargo Accounts) totaling approximately $182,600; two US Bank accounts totaling approximately $7,000; a 34 percent interest in commercial real estate (Bonsall Property); a promissory note from Michael Mirpour and Majid Nourai (Mirpour Note) for approximately $530,000 secured by the Bonsall Property; and a promissory note from Mehdi Lurhassabi (Lurhassabi Note) for $150,000.

"In August 2009 Nima filed a *Heggstad* petition [(see *Estate of Heggstad* (1993) 16 Cal.App.4th 943)] to confirm Trust ownership of the estate assets, to avoid having to probate the Will. . . . When the *Heggstad* petition was filed Saeed was given notice he was the personal representative of the estate. Saeed objected to the *Heggstad* petition, claiming the Will was not a pour-over will. The petition was denied.

"In January 2010 Saeed filed a petition to probate the Will showing an approximate $4.85 million value for the estate. Dennis Illingworth (Illingworth) was appointed as the probate referee. The court issued letters testamentary to Saeed naming him the personal representative of the estate, and informed him in writing he was required to file an inventory and appraisal of all of the estate's assets within four months, i.e., by October 2010. Saeed did not file an inventory and appraisal until June 2012 (2012 Inventory & Appraisal), when he also filed a final accounting and report (2012 Accounting). The only estate assets he listed were the Wells Fargo Accounts. The 2012 Accounting also stated there was no income or estate tax liability and no returns had been filed.

"Nima filed an objection to the 2012 Accounting raising several issues, including that the estate owned at least three pieces of real property. In addition, he believed state and federal taxes were due. He also filed a petition to remove Saeed as the personal representative (First Removal Petition), listing numerous grounds, including Saeed's failure to file an inventory and appraisal, to account, to identify the estates assets and liabilities, to safeguard assets, and to file tax returns.

"During litigation of the First Removal Petition, Saeed 'reminded' Nima Saeed made millions of dollars a year and 'demanded' Nima pay him $200,000 or he 'would bury [him] under the ground.' Nima believed this was a threat to prolong the litigation until there were no more estate assets and 'beat [him] into submission.'

"The Will directed the personal representative to determine the method and location of decedent's burial. Upon decedent's death, Hossein had her buried in a Muslim cemetery in Oregon, although she had converted to Christianity. Later, when Saeed became the personal representative he took steps to have her body exhumed and moved to California to be buried in a Christian cemetery. Saeed spent $80,000 of the estate's funds to pay for the exhumation and reburial without court authorization.

"In May 2013, Saeed filed an action against Hossein (Conversion Action) for conversion, recovery of property under section 850, trespass to chattels, breach of implied contract, claim and delivery, replevin, and for double damages under section 859, seeking $3 million in damages. The Conversion Action was based on allegations Hossein took Persian rugs, a car, and other property including jewelry, precious metals, and crystals from the estate.

"In September 2013 trial commenced on the First Removal Petition. After some testimony and admission of evidence, the parties entered into a settlement (Settlement). The 2012 Accounting and First Removal Petition were dismissed without prejudice. Nima agreed to help inventory the rugs in exchange for Saeed's agreement not to proceed with the Conversion Action. Saeed agreed to marshal the assets of the estate,

4

including the Persian rugs, and file another inventory and appraisal so the estate could be closed. . . .

"Despite the Settlement, the Conversion Action continued and Saeed did not file an inventory and appraisal. In June 2014 Nima filed a petition to compel a final accounting and to distribute assets. He reiterated he had filed an objection to the 2012 Accounting Saeed had filed due to multiple inadequacies. He also alleged the Settlement and Saeed's failure to comply with its terms. Further, he alleged Saeed failed to provide an accurate inventory and appraisal, failed to protect assets, and failed to pay income taxes, among other alleged misdeeds.

"In October 2014 Saeed filed an interim accounting and report. In February 2015 the court ordered Saeed to file another interim accounting by May 8. It was not filed. In June the court ordered Saeed to file an interim accounting by July 23, 2015. On August 3, 2017 Saeed filed an interim accounting, to which Nima filed an objection.

"In July 2016 Nima filed another petition to suspend Saeed's powers, remove him as executor, and appoint a special administrator. After the court sustained Saeed's demurrer in part, Nima filed an amended petition (Second Removal Petition). The Second Removal Petition sought damages, attorney fees, and to surcharge Saeed. Nima alleged that over the past six years since Saeed was appointed personal representative he had breached his fiduciary duties, failed to account, wasted and mismanaged estate property, created substantial estate tax liability, and engaged in questionable litigation, i.e., the Conversion Action, on behalf of the estate.

"In November 2017, Saeed filed a supplemental inventory and appraisal (2017 Inventory) listing only the judgment in the Conversion Action.

"On the day before trial on the Second Removal Petition in May 2018, Saeed filed a First Report and Account and Petition for Settlement (2018 Accounting). It stated the inventory and appraisal previously filed were incorrect and had to be amended. Saeed noted he was 'working on' a corrected inventory.

5

[¶] . . . [¶]

"The court issued a statement of decision on the Second Removal Petition, which was subsequently modified. The court denied Saeed's motion for judgment on the pleadings based on the statute of limitations and motion for judgment as a matter of law. It found the duties of a fiduciary are ongoing and the statutes of limitations are not the same for a fiduciary as for a claim based on breach of contract or tort. The court noted it would focus on equitable remedies, including a consideration of laches.

"The court found Saeed breached his fiduciary duty in several respects and removed him as the personal representative. He 'did essentially very little to marshal the assets.' Rather, he relied on information provided by professionals Hossein hired, which was unreasonable, especially in light of Saeed's admitted lack of trust in Hossein and also the animosity between Hossein and Nima. The court also faulted Saeed's 'extreme delay' in providing an inventory and an accounting and failing to explain 'estate proceedings,' and having estate properties appraised.

"Saeed additionally breached his fiduciary duty by using estate funds to exhume and rebury decedent without court approval in light of Nima's opposition to it. The court also found Saeed's failure to recognize and understand the legal effect of a pour-over will while continuing to act as the personal representative 'created a direct conflict of interest.' Saeed breached his fiduciary duty to Nima, the beneficiary of the Will and the named successor trustee of the Trust to which the estate assets should have been transferred.

"The court surcharged Saeed $500,000. It found the value of the estate in early 2010, when Saeed was appointed personal representative, was $617,590, as appraised by Illingworth and as evidenced by the exhibits admitted. Nima was denied that value for eight years. In calculating the surcharge amount, the court reduced the $617,590 by the $80,000 exhumation costs based on laches for Nima's delay in bringing

6

that claim and by another $37,000 for certain potential tax liabilities because they would be owed by the Trust, not the estate.

"In addition, [in the statement of decision and the modification of statement of decision,] the court found Saeed should bear the liability for penalties and interest for late filing of tax returns.

"The court also awarded attorney fees, finding Saeed's 'repeated and persistent fail[ures] to properly file a timely inventory and accounting, to respond to demands for an accounting,' and explain the Conversion Action and the basis of his 'exorbitant expenditures' 'were all without reasonable cause.'

"The court denied Saeed's motions for new trial and to vacate the judgment. Thereafter, Nima was appointed the special administrator of the estate." (*Karamooz I*, *supra*, G056897, fns. omitted.)


*B. Karamooz I*

Saeed appealed his removal, the amount of the surcharge, and the award of attorney fees, which this Court addressed in *Karamooz I*. (*Karamooz I*, *supra*, G056897.) Saeed argued his removal was improper because his "delay in filing the inventory and appraisal did not damage the estate and Nima did not show there was tax liability." (*Ibid.*) This Court disagreed. It found Saeed's removal was proper under section 8804, subdivision (b), which allows a court to remove a personal representative for refusing or negligently failing to timely file an inventory and appraisal. (*Ibid.*; § 8804, subd. (b).) The Court concluded that "even if there had not been loss to the estate due to failure to timely file an inventory and appraisal, Saeed ha[d] not directed [the appellate court] to any authority prohibiting removal based on delay even where there is no loss to the estate. The delay here was lengthy and without excuse, justifying the [trial] court's exercise of its discretion to remove Saeed." (*Ibid.*)

7

As for the surcharge amount, it was primarily based on alleged losses to the bank accounts, Bonsall Property, Mirpour Note, and Lurhassabi Note. This Court concluded there was insufficient evidence to support these alleged losses. (*Karamooz I*, *supra*, G056897.) It reversed the $500,000 surcharge award but declared, "there will be penalties and interest due as a result of [Saeed's] failure to timely file income and estate tax returns. Saeed is properly surcharged for that amount, whatever it is determined to be." (*Ibid*.) The Court instructed the trial court on remand to "enter a new judgment ordering a surcharge in the amount of the liability for penalties and interest due to Saeed's delay in filing tax returns and paying taxes in an amount to be determined by the trial court." (*Ibid*.) It further clarified, "[t]his is not a remand for a new trial."

Finally, this Court found the award of attorney fees to Nima was proper under section 8804, subdivision (c), due to Saeed's "'repeated and persistent'" failure to timely file an inventory and appraisal. (*Karamooz I*, *supra*, G056897.)

*C. Hearings on Remand and Karamooz II*

On remand, the trial court separately considered the surcharge and attorney fees issues. As to the former, Saeed argued that since *Karamooz I* had specified no new trial would occur, the amount of lost interest and tax liability incurred by the estate should be based on the existing record. Thus, Nima could not introduce new evidence. The trial court agreed. It ruled *Karamooz I* prohibited the introduction of any new evidence concerning the surcharge amount. On March 22, 2021, the court ruled that based on the current record, it could not determine the amount of lost interest and tax penalties suffered by the estate. So, it awarded no surcharge against Saeed.

Nima then filed a petition for a writ of mandate, requesting that this Court direct the trial court to hold an evidentiary hearing regarding the surcharge amount. (*Karamooz v. Karamooz* (Aug. 6, 2021, G060286) [nonpub. opn.] (*Karamooz II*).) The Court issued a peremptory writ of mandate directing the trial court to vacate its ruling and

8

"hold an evidentiary hearing to determine the amount of the liability for penalties and interest based on [Saeed's] delay in filing tax returns and paying taxes." (*Ibid*.) As explained by the Court, when considering *Karamooz I* "as a whole, [the trial] court was obligated to conduct an evidentiary hearing narrowly limited to establishing tax penalties and interest due as a result of real party's failures. No broad 'new trial' (as to liability or damages) was authorized. Almost all of the parties' disputes were conclusively decided by the prior opinion and, by prohibiting a 'new trial,' [this Court] simply wished to avoid any attempt to reopen settled matters . . . ." (*Ibid*.) Based on the record and representations of the parties, it does not appear this evidentiary hearing has occurred yet.

Meanwhile, the parties were also filing supplemental briefs concerning Nima's attorney fees award. Saeed argued Nima's fee motion was untimely. He also believed Nima was not entitled to attorney fees because Nima had not prevailed on appeal. Specifically, Saeed claimed that under section 8804, a party is only entitled to attorney fees if they prove the personal representative's failure or delay in filing the inventory and appraisal damaged the estate. He argued Nima's recovery on the surcharge was reduced from $500,000 to nothing on appeal. Saeed further asserted nothing in the existing record showed his failure to timely file the inventory and appraisal caused any loss to the estate. And he again claimed that under *Karamooz I*, Nima could not introduce new evidence to show any such losses (the court ruled on the attorney fees issue prior to *Karamooz II*). Based on these assertions, Saeed insisted Nima could not establish the estate had suffered any damages; therefore, no attorney fees could be awarded under section 8804.

The trial court rejected Saeed's argument, concluding that whether Nima was entitled to attorney fees was no longer subject to argument: "[t]he authority of the [trial court] to award attorney's fees has already been addressed and affirmed by the Court of Appeal [in *Karamooz I*]." The only remaining issue on remand was the amount of attorney fees Saeed owed. Following a hearing on May 21, 2022, the court awarded

9

Nima $212,089.25 in fees for legal services provided from 2012 through the date of his fee motion.

Saeed now appeals the trial court's attorney fee order. Primarily, he asserts attorney fees were improperly awarded under section 8804 because Nima failed to show damages to the estate. He also claims Nima's fee motion was untimely. We reject both arguments and affirm the postjudgment order.


II

DISCUSSION

*A. Attorney Fees under section 8804*

Saeed argues the trial court erred in applying section 8804, subdivision (c). This statute provides, "[t]he court may impose on the personal representative personal liability for injury to the estate or to an interested person that directly results from the refusal or failure [to file an inventory and appraisal]. The liability may include attorney's fees, in the court's discretion." (§ 8804, subd. (c).) As Saeed interprets this statute, to be awarded attorney fees, Nima must first show Saeed's failure to timely file the inventory and appraisal damaged the estate. Since Nima has not yet shown any damages to the estate, Saeed claims the attorney fee award must be reversed. We disagree. Nima's entitlement to fees under section 8804 is already law of the case under *Karamooz I* and cannot be relitigated.

"'"The doctrine of 'law of the case' deals with the effect of the first appellate decision on the subsequent retrial or appeal: The decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case."'" (*Aghaian v. Minassian* (2021) 64 Cal.App.5th 603, 612, italics omitted.) "This is true even if the court that issued the opinion becomes convinced in a subsequent consideration that the former opinion is erroneous." (*Santa Clarita*

10

*Organization for Planning the Environment v. County of Los Angeles* (2007) 157 Cal.App.4th 149, 156.) "The doctrine promotes finality by preventing relitigation of issues previously decided." (*Sargon Enterprises, Inc. v. University of Southern California* (2013) 215 Cal.App.4th 1495, 1505.) It "'precludes a party from obtaining appellate review of the same issue more than once in a single action.'" (*Aghaian*, at p. 612.)

Saeed's appeal asks whether the trial court could award Nima attorney fees under section 8804, subdivision (c). *Karamooz I* answered this question in the affirmative, holding the trial court had "discretion to award attorney fees to Nima under [subdivision (c) of] section 8804." (*Karamooz I*, *supra*, G056897.) The trial court subsequently awarded Nima $212,089.25 in attorney fees on remand. It rejected Saeed's argument that fees were improper under section 8804 because Nima had not yet shown damage to the estate. It found the attorney fee issue was "fully resolved [in *Karamooz I*] and binding on the parties and [the trial] court." We agree. *Karamooz I*'s holding on the fee issue is law of the case and cannot be relitigated in this appeal. Whether *Karamooz I* correctly analyzed the statute is immaterial. (*Santa Clarita Organization for Planning the Environment v. County of Los Angeles*, *supra*, 157 Cal.App.4th at p. 156.)

In response, Saeed appears to assert the attorney fee ruling in *Karamooz I* presumed Nima would show damage to the estate on remand. Accordingly, he maintains the trial court could only award fees after Nima showed Saeed's conduct had damaged the estate. Since this factual condition has not been met, he contends the fee award was improper. We are unpersuaded. It is true the law of the case doctrine does not apply to questions of fact. "[D]uring subsequent proceedings in the same case, an appellate court's binding legal determination 'controls the outcome only if the evidence on retrial or rehearing of an issue is substantially the same as that upon which the appellate ruling was based.'" (*People v. Barragan* (2004) 32 Cal.4th 236, 246.) Accordingly, the doctrine is inapplicable if the attorney fee ruling in *Karamooz I* presumed Nima would

11

establish damages to the estate on remand. But it did not. Rather, *Karamooz I* awarded Nima fees solely based on Saeed's failure to timely file an inventory and appraisal. It did not require Nima on remand to show Saeed's actions damaged the estate.

The above conclusion is apparent from the text of *Karamooz I*: "where a 'personal representative refuses or negligently fails' to timely file an inventory and appraisal, *section 8804 allows the court to award attorney fees*." (*Karamooz I*, *supra*, G056897, italics added.) It elaborated, "the inventory and appraisal was required to be filed within four months of [Saeed's] appointment [citation], but Saeed did not file his original and designated 'final' inventory and appraisal until June 2012, almost two years after letters testamentary were issued. This inventory included only two bank accounts and none of the other estate property. He did not file another inventory and appraisal until the supplemental inventory and appraisal was filed in November 2017, almost five and a half years later. The only asset listed in the 2017 Inventory was the judgment in the Conversion Action. He never filed an inventory listing the other assets owned by the estate at the date of death. *This significant violation of section 8800 justified the court exercising its discretion to award attorney fees to Nima under section 8804 . . . .*" (*Ibid.*, italics added.)

Under *Karamooz I*, Saeed's prolonged failure to timely file an accurate inventory and appraisal was by itself sufficient to warrant fees under section 8804, subdivision (c). Nothing in its analysis suggests Nima first needed to establish damages to the estate or that damages were even relevant to the fee award. Indeed, *Karamooz I* similarly rejected Saeed's argument that a showing of damages to the estate was required to remove him as personal representative under section 8804, subdivision (b). (*Karamooz I*, *supra*, G056897.) While this Court instructed the trial court on remand to determine the amount of tax liability and interest with regard to the surcharge (*ibid.*), nothing in *Karamooz I* indicates this instruction had any connection to the attorney fee

ruling. As such, *Karamooz I*'s ruling that Nima may be awarded fees under section 8804, subdivision (c), is law of the case and governs here.

## B. *Timeliness of Fee Motion*

Saeed also contends Nima's attorney fee motion was untimely under the California Rules of Court and, therefore, improperly considered by the trial court. This issue was not expressly considered by *Karamooz I*. "'Generally, the doctrine of law of the case does not extend to points of law which might have been but were not presented and determined in the prior appeal.'" (*Leider v. Lewis* (2017) 2 Cal.5th 1121, 1127.) But it does apply "'to questions . . . implicitly decided because they were essential to the decision on the prior appeal.'" (*Ibid*.) Regardless of whether the doctrine applies here, Saeed has failed to show the fee motion was untimely.

In unlimited civil cases, "[a] notice of motion to claim attorney's fees for services up to and including the rendition of judgment in the trial court . . . must be served and filed within the time for filing a notice of appeal under rules 8.104 and 8.108 . . . ." (Cal. Rules of Court, rule 3.1702(b)(1).) A notice of appeal must generally be filed on or before the earliest of: (1) 60 days after the superior court clerk serves notice of entry of judgment or a filed-endorsed copy of the judgment, (2) 60 days after the party filing the notice of appeal either serves or is served by a party with a notice of entry of judgment or a filed-endorsed copy of the judgment, or (3) 180 days after entry of judgment. (Cal. Rules of Court, rule 8.104(a)(1).)

Significantly, here, the judgment is comprised of two separate documents: (1) a tentative Statement of Decision dated June 29, 2018 (the tentative decision), and (2) a Modification of Statement of Decision and Order dated July 31, 2018 (the modification). The court found the deadline for Nima's attorney fee motion began to run on August 16, 2018, when Nima served Saeed with a notice of entry of judgment. Based on this date, it determined the deadline for Nima's attorney fee motion was October 20,

2018. Nima's motion was filed on October 15, 2018, so the court found it timely. However, Saeed maintains the clock began to run on August 7, 2018, when the superior court clerk served a file-stamped copy of the modification on the parties. Using this earlier date, he contends the deadline for the fee motion was October 8, 2018, a week prior to its filing.

Saeed's argument is unconvincing. For the deadline to begin running under California Rules of Court, rule 8.104(a)(1), complete judgment must be served by the clerk or one of the parties. "[R]ule 8.104(a)(1) . . . require[s] *a single document*—either a 'Notice of Entry' so entitled or a file-stamped copy of the judgment or appealable order—that is sufficient in itself to satisfy all of the rule's conditions . . . . [T]he rule does not require litigants to glean the required information from multiple documents or to guess, at their peril, whether such documents in combination trigger the duty to file a notice of appeal. 'Neither parties nor appellate courts should be required to speculate about jurisdictional time limits.'" (*Alan v. American Honda Motor Co., Inc.* (2007) 40 Cal.4th 894, 905, italics added.)

As set forth above, the judgment was comprised of two documents: the tentative decision and the modification. The clerk only served one of those documents, the modification, on August 7. The modification is not a complete recitation of the judgment. Rather, it states the tentative decision "remains the judgment of the . . . case," then sets forth several revisions to it. The entire judgment cannot be gleaned from the modification alone. Both the modification and tentative decision are needed to comprehend the court's judgment. Since the modification is not the complete judgment, the clerk's service of it on August 7 did not start the timeline for Nima's fee motion.

14

## III

## DISPOSITION

The postjudgment order is affirmed. Our opinion has no bearing on the authority of the trial court to award Nima additional attorney fees in this matter. Nima is entitled to his costs on this appeal.[3]


MOORE, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


MOTOIKE, J.

---

[3] Both parties filed requests for judicial notice of various documents. These documents are either immaterial to our analysis or are already in the record. Thus, we deny both parties' requests for judicial notice.