Filed 3/26/26  Estate of Asberry CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re Estate of LEO ASBERRY, Deceased. | B340735 |
| LEO ASBERRY, JR., <br><br> Petitioner and Appellant, <br><br> v. <br><br> DARRELL ASBERRY, <br><br> Real Party in Interest and Respondent. | (Los Angeles County Super. Ct. No. 22STPB06360) |

APPEAL from an order of the Superior Court of Los Angeles County.  Jonathan L. Rosenbloom, Judge.  Reversed and remanded with directions.

The DLJ Law Firm and Dorian L. Jackson for Petitioner and Appellant.

No appearance for Real Party in Interest and Respondent.

_____

Courts decide cases by rendering judgements based on statutes and case law.  On occasion a literal application of the facts and law squander judicial resources resulting in an unnecessary appeal.  In such cases, courts are required to use judgment in the common use of that term.  Here, both the law and common sense rendered this appeal unnecessary.

Petitioner and appellant Leo Asberry, Jr., appeals from the denial of his petition to discharge him as the executor of his late father's estate and to terminate probate proceedings (the discharge petition).  (Prob. Code, § 12251, subd. (a).)[1]  There was "no property of any kind belonging to the estate and subject to administration" when the discharge petition was filed.  (*Ibid.*)  Appellant was entitled to discharge and termination.  (*Ibid.*)  We reverse and remand.  The probate court shall enter an order granting appellant's discharge petition.

Appellant also contends that the probate court violated the California Public Records Act (Gov. Code, § 7920.000 et seq.) (CPRA) by failing to "retain and maintain probate notes as part of the permanent court file."[2]  We do not consider this argument, as appellant has no standing under the CPRA.

---

[1]    All further statutory references are to the Probate Code unless otherwise indicated.

[2]    Probate notes are notices sent to parties in probate matters to "inform[] the[m] . . . of additional documents that are

2

## BACKGROUND

Leo Asberry, Sr. (decedent), executed a will devising all of his property to The Leo Asberry Living Trust (the trust). Appellant was named executor of the estate and, upon decedent's death, trustee of the trust. Appellant and Darrell Asberry (Darrell), decedent's grandson, are the sole beneficiaries of the trust.[3]

Decedent died in April 2021.

In April 2022, appellant filed a petition to transfer funds held in two retirement accounts to the trust (*Heggstad* petition). (See § 850; *Estate of Heggstad* (1993) 16 Cal.App.4th 943.) Decedent's former employer, which held the funds, intervened. The employer argued that the Employee Retirement Income Security Act of 1974 (29 U.S.C. §§ 1001 et seq.) required the funds be transferred to decedent's estate, not the trust.

Appellant petitioned to open probate "only because . . . federal preemption requires [it] for [retirement] accounts." The probate court granted the petition, and the estate received the funds sometime in May 2023. Appellant filed an amended *Heggstad* petition, which was granted in December 2023.

In March 2024, appellant filed the discharge petition (§ 12251, subd. (a)), averring that probate should be terminated because "[t]here is no property of any kind belonging to the [e]state and subject to administration[.]"

At a hearing, the probate court found that there was no property belonging to the estate, as the retirement funds had

---

necessary to support judicial consideration of [a] petition." (Super. Ct. L.A. County, Local Rules, rule 4.4(b).)

[3] Because the parties share a last name, we refer to Darrell by his first name for clarity. No disrespect is intended.

been transferred to the trust by the amended *Heggstad* petition. Because the funds were "at one point . . . in the estate" and had never been inventoried, however, the court advised appellant that it would not close the estate until he filed an accounting (or waiver) and final distribution report.

The probate court emphasized that this paperwork would not be onerous to prepare, explaining that "even if [appellant] filed the most skeletal accounting saying the money was received and the money was then distributed by means of a *Heggstad* [petition], that . . . would address everyone's concerns." The court later said that a "waiver of account" would suffice, and that the final distribution "report . . . . can be very, very brief."

Appellant agreed to file a waiver of accounting, but refused to file a report. Accordingly, the probate court denied the petition.

Appellant timely appealed, naming Darrell as respondent. However, Darrell did not appear in this matter; his counsel informed this court that Darrell "is not a 'respondent'" and "joins in [appellant's] arguments."

## DISCUSSION

### I. Discharge Petition

On appeal, appellant contends that the probate court exceeded its statutory authority in denying his discharge petition, a question of law which we review de novo. (*Guardianship of Saul H.* (2022) 13 Cal.5th 827, 847.) We agree with appellant, though not for the reasons argued at length in his uncontested opening brief.

The statute authorizing the discharge petition provides that "[a]t any time after appointment of a personal representative . . . , if it appears there is no property of any kind belonging to the

4

estate and subject to administration, the personal representative may petition for the termination of further proceedings and for discharge of the personal representative." (§ 12251, subd. (a).) "If it appears to the satisfaction of the [probate] court on the hearing that the facts stated in the petition are true, the court shall make an order terminating the proceeding and discharging the personal representative." (§ 12251, subd. (c).)

Here, the probate court acknowledged that, by the time the discharge petition was filed, the only property ever deposited in the estate and subject to probate administration (i.e. the retirement funds) had been transferred to the trust. Under the plain language of section 12251, that factual finding entitles appellant to an order granting the discharge petition. (§ 12251, subd. (c) ["If it appears to the [court's] satisfaction . . . that the facts stated in the petition are true, the court *shall* make an order terminating the proceeding and discharging the personal representative." (Italics added.)]; see also § 12 ["'Shall' is mandatory[.]"].)

Arguably, property may remain "subject to [probate] administration" (§ 12251, subd. (a)) even if it is no longer in the estate. Analogous case law raises the possibility that estate property may require administration after disposal. (Cf. *Estate of Heigho* (1960) 186 Cal.App.2d 360, 368 [after proceedings are terminated, probate may be reopened if "'there still remains property of the estate not fully disposed of, *or* some act to be done relating thereto which only an administrator can do.'"] (Italics added.).)

But we are unconvinced that the paperwork ordered by the probate court is required in this case. "The law neither does nor requires idle acts." (Civ. Code, § 3532.) Appellant's uncontested

5

discharge petition established that all estate assets had been received and transferred to the trust via a *Heggstad* petition. Absent any indication of impropriety or irregularity, a waiver of accounting and "skeletal" or "very, very brief" report reiterating the same facts set forth in the discharge petition would serve no purpose.

On this record, we conclude that the probate court erred in denying appellant's discharge petition. Our conclusion renders all but one of appellant's remaining arguments moot.

## II.    CPRA Claims

Appellant contends that the probate court violated the CPRA by failing to maintain records of the probate notes in this case. He requests an "[o]rder that the probate division of the Superior Court be mandated to retain and maintain probate notes as part of the permanent court file for all proceedings[.]" But appellant neither "allege[s] [n]or establish[es] [his] standing" to pursue such relief. (*Mendoza v. JPMorgan Chase Bank, N.A.* (2016) 6 Cal.App.5th 802, 810.)

Generally, an individual cannot enforce regulatory statutes unless they provide a private right of action. (*Animal Legal Defense Fund v. Mendes* (2008) 160 Cal.App.4th 136, 144–147.) The CPRA contains a private right of action, but its scope is limited. (Gov. Code, § 7923.000 ["Any person" may "institute a proceeding . . . to enforce that person's right . . . to inspect or receive a copy of any public record or class of public records."].) This remedy is "'available *only* to a person . . . seeking disclosure of public records and *only* where the public entity is allegedly improperly withholding those records. [Citations.] The CPRA provides *no* judicial remedy for any other person . . . or a remedy that may be utilized for any purpose other than to determine

6

whether a particular record or class of records must be disclosed.' [Citation.]" (*Di Lauro v. City of Burbank* (2025) 110 Cal.App.5th 969, 981 (*Di Lauro*) (italics in original).) Moreover, the CPRA establishes specific procedures for individuals seeking to enforce the statute. (Gov. Code, § 7923.100 ["Whenever it is made to appear, by verified petition to the superior court . . . that . . . public records are being improperly withheld from a member of the public, the court shall order the . . . person charged with withholding the records to disclose th[em] or show cause why that person should not do so."].)

Appellant does not seek disclosure of public records; he requests injunctive relief that goes far beyond "'determin[ing] whether a particular record or class of records must be disclosed'" (*Di Lauro*, *supra*, 110 Cal.App.5th at p. 981); and he purports to tack his CPRA claims onto this appeal, rather than raising them via verified petition. Appellant's claims fall wholly outside the scope of the CPRA's limited private right of action. He lacks standing to pursue his CPRA arguments.

## DISPOSITION

The order is reversed and the matter is remanded. The probate court is directed to enter an order granting appellant's discharge petition pursuant to section 12251, subdivisions (a) and (c). Appellant shall bear his costs on appeal; who else should pay them?

7

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

_____, J.
GILBERT*

We concur:

_____, P. J.
LUI

_____, J.
CHAVEZ

---

  * Retired Presiding Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.