Filed 4/29/26  Le v. Luu CA4/3

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MINH LE,<br><br>  Plaintiff and Respondent,<br><br>    v.<br><br>FRANK LUU,<br><br>  Defendant and Appellant. | G064805<br><br>(Super. Ct. No. 30-2022-01271784)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Seni Linnebur, Temporary Judge. (Pursuant to Cal. Const., art. VI, § 21.) Affirmed.

Farano Law Group and Charles M. Farano for Defendant and Appellant.

Law Office of Hai H. Lai and Hai H. Lai for Plaintiff and Respondent.

Frank Luu appeals from an order denying his motion to set aside an order pursuant to Code of Civil Procedure section 663 (all undesignated statutory references are to this code). He argues: (1) the probate court erred by relying on *Estate of Heggstad* (1993) 16 Cal.App.4th 943; (2) the court erred by finding it lacked jurisdiction to consider the motion as the motion was untimely; and (3) the court erred by granting Minh Le's spousal property petition because she "falsely asserted" the property was community property when it was separate property. Because Luu failed to comply with applicable appellate procedural rules in his briefs, we conclude he forfeited his arguments on appeal and affirm the order.

FACTUAL AND PROCEDURAL BACKGROUND

Thai Van Nguyen acquired real property in Orange County in 1993. Two years later, Nguyen married Le. During their marriage, Nguyen used his income, which was community property, to pay the mortgage on the property, where Le and Nguyen had lived. Nguyen died in 2021.

After Nguyen's death, Le filed a spousal property petition and later an amended petition (the petition). Le also applied for service by publication on three of Nguyen's children from a prior marriage, including Luu. The probate court ordered service by publication, and an affidavit of publication was later filed.

In October 2023, the probate court issued a minute order granting the petition. It found: "[O]nly 67.407753 [percent] of the property at issue is community property. 44.567959 [percent] to be passed, 33.703877 [percent] confirmed, resulting in [Le] having ownership of 78.271836 [percent] of the property. . . . [F]ull probate is required in order to distribute the remaining [21.728164 percent] interest in the property."

2

In May 2024, Luu moved to set aside the order granting the petition under section 663. In October 2024, the probate court denied the motion. It concluded it lacked jurisdiction to rule on the motion, as the motion was untimely under section 663a. Luu timely appealed.

DISCUSSION

"'[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.]' [Citation.] 'This means that an appellant must do more than assert error and leave it to the appellate court to search the record and the law books to test his claim. The appellant must present an adequate argument including citations to supporting authorities and to relevant portions of the record.'" (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 619–620 (*L.O.*).)

"'It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness.' [Citation.] Nor are we 'required to search the record on [our] own seeking error.' [Citation.] Consequently, '[w]hen an appellant fails to raise a point, or asserts it but fails to support it with reasoned argument and citations to authority, we treat the point as waived.'" (*L.O., supra,* 96 Cal.App.5th at p. 620.)

Here, Luu's briefs do not cite the record. In their appellate briefs, litigants must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears." (Cal. Rules of Court, rule 8.204(a)(1)(C).) "If a party fails to support an argument with the necessary citations to the record, the argument will be

3

deemed waived." (*LA Investments, LLC v. Spix* (2022) 75 Cal.App.5th 1044, 1061.) Because Luu fails to cite the record, "he forfeited any argument that the challenged order[] [was] erroneously issued." (*L.O., supra,* 96 Cal.App.5th at p. 620.)

We also decline to address the issues on appeal because of other deficiencies in Luu's briefs. First, "'[w]here a point is merely asserted by [appellant] without any [substantive] argument of . . . its proposition, it is deemed to be without foundation and requires no discussion.'" (*Holden v. City of San Diego* (2019) 43 Cal.App.5th 404, 418.) In at least one instance, Luu fails to present a cognizable argument in support of his point. In his opening brief, Luu argues the probate court erred by relying on *Estate of Heggstad, supra,* 16 Cal.App.4th 943. While Luu recites general legal propositions and states the court's purported error, he offers no substantive explanation how the court here committed error by relying on *Estate of Heggstad.*

Second, "[w]hen legal argument is not supported by citation to legal authority on a particular point, 'we may treat the point as forfeited and pass it without consideration.'" (*Pinter-Brown v. Regents of University of California* (2020) 48 Cal.App.5th 55, 95.) Here, Luu argues the probate court erred by finding the section 663 motion was untimely and that it lacked jurisdiction to rule on the motion. But he does not cite any legal authority in support.

Third, "we will not consider matters raised for the first time in the reply brief." (*Sachs v. Sachs* (2020) 44 Cal.App.5th 59, 66.) In his reply brief, for the first time on appeal, Luu argues the probate court violated his right to due process.

Finally, an appellant's opening brief must include "a summary of the significant facts limited to matters in the record." (Cal. Rules of Court,

4

rule 8.204(a)(2)(C).) "'[A]n attack on the evidence without a fair statement of the evidence is entitled to no consideration when it is apparent that a substantial amount of evidence was received on behalf of the respondent.' [Citation.] Thus, '[a]n appellant . . . who cites and discusses only evidence in [their] favor fails to demonstrate any error and waives the contention that the evidence is insufficient to support the judgment.'" (*L.O., supra,* 96 Cal.App.5th at p. 620.)

Luu appears to argue the property was separate property, not community property—that is, he seems to challenge the evidence upon which the probate court's order is based. But in his opening brief, he omits several relevant facts. He fails to describe the substance of the petition or any of the evidence in support of the petition and he fails to provide any details regarding the October 2023 order. For instance, Luu does not mention the court found only a portion of the property was community property and owned by Le. Nor does he mention the court required "full probate . . . to distribute the remaining interest in the property."[1] Indeed, Luu's representation of the facts is one-sided and misleading. Another example is: contrary to the record, Luu asserts the property was not transmuted to community property and the probate court ordered Nguyen's separate property to pass without administration.

We warn Luu's counsel to exercise greater care in summarizing the significant facts in appellate briefs. By failing to discuss the record accurately, Luu failed to give a fair statement of the evidence.

---

[1] Additionally, in the conclusion of Luu's opening brief, he challenges the service of the petition. But he fails to mention Le served her petition by publication, and the probate court found this service was proper.

## DISPOSITION

The order is affirmed. Respondent is entitled to costs on appeal.


MOTOIKE, ACTING P. J.

WE CONCUR:


SANCHEZ, J.


SCOTT, J.